UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x



TONE N. GRANT,                                     :
                                                  :
                              Plaintiff,          :
                                                  :        08 Civ. 4252 (GEL)
          -against-                               :
                                                  :        **ORDER**
ILLINOIS NATIONAL INSURANCE                       :
COMPANY,                                          :
                                                  :
                              Defendant.          :
                                                  :
----------------------------------------------------------------x

        The Court has received letters from counsel for both parties regarding defendant's
application to expand the record on appeal to include two documents that were not part of the
record before the bankruptcy court: (1) the Fourth Superseding Indictment in United States v.
Tone N. Grant, S4 05 Cr. 1192 (S.D.N.Y.), and (2) the April 17, 2008, transcript of proceedings
containing the jury verdict in that same matter. The application will be granted.

        Although the general rule is that a district court, "sitting as an appellate court . . . should
not receive into evidence material that was not before the bankruptcy court," a "narrow
exception" to that rule exists. In re Bear Stearns High-Grade Structured Credit Strategies Master
Fund, Ltd., No. 07 Civ. 8730, 2008 WL 2198272, at *13 (S.D.N.Y. May 27, 2008) (internal
quotation marks omitted). Specifically, where the documents are "(a) necessary to afford the
reviewing court a complete understanding of the case," and consist of "(b) material from related
proceedings," they may be included in the record even though they were not considered by the
bankruptcy court. In re Chateaugay Corp., 64 B.R. 990, 995 (S.D.N.Y. 1986) (internal quotation
marks, citations, and alteration omitted); see In re Food Fair, Inc., 15 B.R. 569, 572 (Bankr.
S.D.N.Y. 1981).

        At issue in this appeal is Judge Drain's March 25, 2008, Order granting plaintiff's request
for a preliminary injunction for advancement of defense costs in connection with his criminal
trial and related civil proceedings. Defendant opposed the motion in the bankruptcy court,
arguing, *inter alia*, that coverage was excluded under the policy based on false
representations and warranties given by Phillip Bennett, Refco's Chief Executive Officer.
Although plaintiff contends that Judge Drain "did not have or consider" the Fourth Superseding
Indictment (Ltr. from Norman L. Eisen to the Court, May 29, 2008, at 2), plaintiff's counsel
specifically referenced the Fourth Superseding Indictment in response to a question from the
bankruptcy court as to whether a guilty plea by Bennett would trigger an exclusion with respect

to all claims brought against Grant.[1]  Yet even accepting plaintiff's contention that the document itself was not before Judge Drain, it is clear that the Fourth Superseding Indictment, which is a matter of public record from the "related proceeding[]" of plaintiff's criminal trial, is necessary to afford the Court a "complete understanding" of the case as the contents of that indictment bear directly on the extent (if any) to which plaintiff retained coverage under the policy despite Bennett's guilty plea.  In re Chateaugay Corp., 64 B.R. at 995.  The trial transcript of the jury verdict similarly adds to the Court's "complete understanding" of the case as it evidences the extent to which the counts of conviction against plaintiff ultimately differed from those against Bennett.  Id.

Accordingly, having carefully considered the arguments presented in the parties' letters, it is hereby ORDERED that defendant's request to expand the record on appeal is granted.

SO ORDERED.

Dated: New York, New York
        June 3, 2008

                                        _____
                                        GERARD E. LYNCH
                                        United States District Judge

---

[1] Plaintiff's counsel stated that the government had filed additional allegations against Grant in the Fourth Superseding Indictment that were not in the prior indictment (which included Grant) to which Bennett pleaded guilty, and that, as a result, the exclusion would not be triggered with respect to those additional allegations.  (See Ltr. from Kevin J. Windels to the Court, May 21, 2008, at 2-3.)